**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114181

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ryan Albino, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Portfolio Recovery Associates, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Ryan Albino, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Portfolio Recovery Associates, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Ryan Albino is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Portfolio Recovery Associates, LLC, is a Texas Limited Liability Company with a principal place of business in Tarrant County, Texas.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated May 6, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### Violation of 15 U.S.C. §§ 1692e and 1692g
### Debt Validation

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19. 15 U.S.C. § 1692g(a)(3) requires the notice to include a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed valid by the debt collector.

20. There is no requirement that the consumer dispute the debt in writing.

21. It is a violation of the FDCPA to require disputes be made in writing.

22. It is a violation of the FDCPA to include language in the letter that overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

23. It is a violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

24. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

25. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

26. It is a violation of the FDCPA to include language in the letter that, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be made in writing.

27. The reverse side of the Letter states, "**DISPUTES CORRESPONDENCE ADDRESS:** PORTFOLIO RECOVERY ASSOCIATES, LLC, Disputes Department, 140 Corporate Boulevard, Norfolk, VA 23502 or E-Mail: PRA_Disputes@portfoliorecovery.com."

28. Disputes need not be in writing. *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282 (2d Cir. 2013).

29. Disputes may be made orally.

30. Although the Letter sets forth two different phone numbers, neither are provided for the purposes of disputing the validity of the Debt.

31. The front side of the Letter provides a phone number, but only "to discuss payment arrangements."

32. The reverse side of the Letter provides a different phone number, but only "to discuss issues related to our quality of service."

3

33. The presence of a "Disputes Correspondence Address," especially in the absence of a dispute telephone number, overshadows the required 15 U.S.C. § 1692g(a)(3) statement.

34. The presence of a "Disputes Correspondence Address," especially in the absence of a dispute telephone number, contradicts the required 15 U.S.C. § 1692g(a)(3) statement.

35. The presence of a "Disputes Correspondence Address," especially in the absence of a dispute telephone number, when examined from the perspective of the least sophisticated consumer, overshadows the required § 1692g(a)(3) statement.

36. The presence of a "Disputes Correspondence Address," especially in the absence of a dispute telephone number, when examined from the perspective of the least sophisticated consumer, contradicts the required § 1692g(a)(3) statement.

37. The presence of a "Disputes Correspondence Address," especially in the absence of a dispute telephone number, when examined from the perspective of the least sophisticated consumer, leads the least sophisticated consumer to believe that her dispute must be in writing.

38. Defendant has violated § 1692g, as the above-referenced language overshadows the information required to be provided by that Section. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016).

39. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

42. The question of whether a collection letter is deceptive is determined from perspective of the "least sophisticated consumer."

43. The collection letter could be reasonably interpreted by the least sophisticated consumer as incorrectly representing that a dispute must be communicated in writing. *See Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016); *Balke v. Alliance One Receivables Management, Inc.*, No. 16-CV-5624(ADS)(AKT), 2017 WL 2634653 (E.D.N.Y. June 19, 2017).

44. Because the Letter is reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

45. The least sophisticated consumer would likely be deceived by the Letter.

46. The least sophisticated consumer would likely be deceived in a material way by the Letter.

47. The misrepresentation is material because it could impede the least sophisticated consumer's ability to respond to the letter or dispute the debt.

48. Defendant has violated § 1692e by using a false, deceptive, and misleading representation in its attempt to collect a debt.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e

49. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

50. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

51. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52. The front side of the Letter states, "**All** future payments and correspondence for this account, including credit counseling service payments, should be directed to: Portfolio Recovery Associates, LLC, P.O. Box 12914, Norfolk, VA 23541" (emphasis added).

53. Plaintiff's statutorily prescribed validation rights, including the right to dispute the validity of the debt or any portion thereof, are set forth in boxed text directly below the "all future payments and correspondence" language.

54. The address provided for "all future payments and correspondence for this account" is not the same as the "DISPUTES CORRESPONDENCE ADDRESS" set forth on the reverse side of the Letter, as transcribed in Paragraph 27, *supra*.

55. Because the address provided for "all future payments and correspondence for this account" is located directly above Plaintiff's statutorily prescribed validation rights, the least sophisticated consumer, should she wish to dispute the validity of the debt in writing, could reasonably be misled into sending her dispute to the wrong address.

56. Regardless of the manner in which the Letter is formatted, the least sophisticated consumer, upon seeing one address for the purposes of "all future payments and correspondence," and another address for "disputes correspondence," would be confused as to which address she

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

should send her written dispute.

57. the least sophisticated consumer, upon seeing one address for the purposes of "all future payments and correspondence," and another address for "disputes correspondence," would be uncertain as to which address she should send her written dispute.

58. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

59. The Letter can reasonably be read by the least sophisticated consumer to mean that she should send any written dispute to the address provided in connection with "**all** future payments and correspondence for this account" (emphasis added).

60. Alternatively, the Letter can reasonably be read by the least sophisticated consumer to mean that she should send any written dispute to the address provided in connection with "Disputes Correspondence."

61. The address to which a dispute as to the validity of the debt should be sent is a material piece of information to the least sophisticated consumer.

62. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

63. For these reasons, Defendant violated 15 U.S.C. § 1692e.

## CLASS ALLEGATIONS

64. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a substantially similar form collection letter, from one year before the date of this Complaint to the present.

65. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

66. Defendant regularly engages in debt collection.

67. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a substantially similar form collection letter, from one year before the date of this Complaint to the present.

68. Plaintiff's claims are typical of the claims of the Class. Common questions of law

or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

69. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

70. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

71. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

  f. Grant Plaintiff's costs; together with

  g. Such other relief that the Court determines is just and proper.

DATED: May 7, 2018

            **BARSHAY SANDERS, PLLC**

            By: _/s/ *Craig B. Sanders*_____
            Craig B. Sanders, Esq.
            100 Garden City Plaza, Suite 500
            Garden City, New York 11530
            Tel: (516) 203-7600
            Fax: (516) 706-5055
            csanders@barshaysanders.com
            *Attorneys for Plaintiff*
            Our File No.: 114181

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530